IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

PUSHMATAHA COUNTY – CITY OF ANTLERS HOSPITAL AUTHORITY,

Debtor.

Case No. 16-81001
(Chapter 9)

**DECLARATION OF DAVID SMITH, CHAIR OF THE BOARD OF THE PUSHMATAHA COUNTY – CITY OF ANTLERS HOSPITAL TRUSTEES AUTHORITY, IN SUPPORT OF DEBTOR'S CHAPTER 9 PETITION AND OTHER MOTIONS**

David Smith, being over the age of 21, pursuant to 28 U.S.C. §1746, declares under penalty of perjury:

1. I am the Chair of the Board of Trustees of the Pushmataha County – City of Antlers Hospital Authority (the "Debtor"), which in turn operates the Pushmataha Hospital (the "Hospital") located in Antlers, Oklahoma.

2. In my position as Chair, I have developed a thorough knowledge of the management structures, corporate organization, financial policies, general business affairs and operations of the Hospital.

3. I have ongoing discussions with the management team of the Hospital, and familiar with all aspects of the Hospital's affairs, including business operations, strategic planning, financial reporting, legal affairs and other relevant issues, including, but not limited to, the Hospital's efforts to address its current financial difficulties, and its preparation for the transition into operation as Chapter 9 debtor-in-possession.

1

4.	I have personal knowledge of, and am competent to testify about, the facts stated in this Declaration.  My testimony herein is based on my service to the Hospital as Chair of the Board of Trustees of the Debtor, my review of the Hospital's books and records and other relevant documents, and my review of information compiled and communicated to me, at my request, by the Hospital's officers and employees.

5.	If called as a witness, I could and would competently testify to the matters set forth herein based on my personal knowledge.

*Debtor's Inception:*

6.	Pushmataha County and the City of Antlers jointly created the Hospital for charitable purposes under a 1980 Trust Indenture pursuant to the provisions of Title 60, Oklahoma Statutes 1971, Section 176 to 180.3.

7.	The Debtor leases the Hospital's premises from the County of Pushmataha pursuant to the Pushmataha County-Town of Antlers Hospital Authority Lease Agreement" dated June 1, 1981.

8.	On August 24, 2016, the Board of Trustees of the Debtor met at a regularly scheduled meeting, in compliance with all open-meeting requirements, and upon a proper vote, authorized the filing of this Chapter 9 bankruptcy case.

*Debtor's business:*

9.	The Hospital is a 25 bed, general medical and surgical hospital located in Antlers, Oklahoma, devoted to improving the health and quality of life for Oklahomans by providing exceptional patient care that is compassionate and cost effective.

10. The Hospital provides a wide array of in-patient and out-patient health care services including:

- Adult and Pediatric Services
- Endoscopy & Laparoscopic Procedures
- Diagnostic Testing with Mammography, MRI, and
- CT Scanning (24 hour radiologist interpretation)
- Sonography
- Respiratory Therapy
- Adult and Pediatric Dental Procedures
- Emergency & Urgent Care
- Laboratory In-patient and Out-patient Services
- Discharge Planning for post care needs
- Laboratory
- Medical Records
- Radiology
- Swing Bed

11. The Hospital's 24-hour emergency department treats approximately 5,000 patients annually. The emergency department has four beds, including one trauma room. It is supported by 24-hour coverage of testing facilities, including laboratory and radiology.

12. The Hospital's annual payroll is approximately $2,500,000.00, excluding benefits, for the approximately 100 people it employs.

13. In addition to service-generated revenues, the Hospital receives funds from the City of Antlers via proceeds of a $0.01 city sales tax, as well as funds from Pushmataha County under a $0.0075 County sales tax.

### *Debtor's Pre-Petition Secured Liabilities:*

14. Debtor has four pre-petition secured debts. The first originated as a loan from First State Bank of Yukon, USDA Guaranteed Promissory Note, Series 2012, in the original principal amount of $2,500,000. InterBank acquired this debt through merger with First State Bank of Yukon. InterBank claims as collateral for this loan revenues from both the City Sales Tax and the County Sales Tax, the Debtor's leasehold interests with the County, together with Debtor's equipment, inventory, accounts, general intangibles, chattel paper, money, instruments, investment property, deposit accounts, documents, and fixtures.

15. Debtor's second secured obligation is a Series 2012 USDA Community Facilities Promissory Note, in the original principal amount of $3,000,000.00. The USDA claims as collateral the same property described immediately above.

16. As of the date Debtor filed bankruptcy, it was behind two payments to InterBank and to the USDA.

17. Debtor's third secured obligations are Commercial Promissory Notes in favor of FirstBank in an amount over $600,000.00, which essentially the same collateral as above.

### *Debtor's Pre-Petition Unsecured Liabilities:*

18. Debtor's non-priority unsecured pre-petition debts are in the approximate amount of $4,228,308.79.

19. Debtor's priority unsecured pre-petition debts are in the approximate amount of $64,000.00 or less.

4

### *The Necessity for Debtor's Chapter 9 Bankruptcy:*

20. The Debtor's bankruptcy was necessary for several confluent reasons. To begin, the general economic downturn has affected the Hospital as well as the surrounding community. Further, rural hospital patients often have no commercial insurance, and thus are left to use Emergency Room facilities as their primary care providers. The Hospital is required to treat these patients often with no reimbursement or pay in return. Additionally, Medicare/Medicaid reimbursement margins have fallen significantly in recent years, so even reimbursement through these channels have resulted in reduced income over the years. The Debtor's financial condition was further hampered by a temporary closure of the Hospital's operating room for renovations, which resulted in a significant loss of revenue.

21. The Debtor is generally not paying its debts as they become due because it does not have the financial ability at this time to do so.

22. The Debtor has approximately 200 creditors.

23. Debtor had attempted good faith negotiations with several of its trade creditors, including GE Healthcare, Durant Anesthesia Associates, Inc. and others.

24. Debtor, however, has been sued by trade ventors in the following cases:

- *Olympus America, Inc. v. Pushmataha County Town of Antlers Hospital Authority;* Lehigh County, Pennsylvania, Case No. 2016-C-2565;

- *Hospira v. Pushmataha Hospital;* Pushmataha County, Oklahoma; Case No. CJ-2016-45; and

- *GE Healthcare v. Pushmataha Hospital;* Pushmataha County, Oklahoma; Case No. CJ-2016-27;

5

Case 16-81001    Doc 8    Filed 10/04/16    Entered 10/04/16 13:19:32    Desc Main
Document    Page 5 of 7

25. It is impracticable to negotiate with a large group for whom there is no natural representative capable of bargaining on their behalf.

26. Debtor and its Trustees desire to effect a plan to adjust the Debtor's debts. However, the sheer number of creditors, together with the reality of several lawsuits and other events have made further negotiations impracticable.

27. The health care services provided by Debtor are critical to the City of Antlers, to Pushmataha County, and to the surrounding area.

*Utilities:*

28. Several Utilities provide the Debtor with traditional utility services, such as telephone and communication services, electricity, water, sewer, gas, and other similar services that are necessary for the continued operation of the Debtor's day-to-day business operations.

29. In some cases, the Debtor may have paid a security deposit to a Utility.

30. Uninterrupted utility service is critical to the ability of the Debtor to operate and maintain the value of its business and to maximize the value for the benefit of the creditors. The Debtor could not operate its business without utility service. Should any Utility refuse or discontinue service, the Debtor could be forced to cease or limit operations. Such a cessation would substantially disrupt operations and result in loss of revenues, which would irreparably harm the Debtor.

6

I declare under penalty of perjury under 28 U.S.C. §1746 that the above and foregoing is true and correct.

/s/ David Smith as Chair
David Smith, Chair of the Board of Trustees of the Pushmataha County – City of Antlers Hospital Authority