IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

PUSHMATAHA COUNTY – CITY OF ANTLERS HOSPITAL AUTHORITY,

Debtor.

Case No. 16-81001
(Chapter 9)

**DEBTOR'S MOTION FOR LIMITED RELIEF FROM STAY AND WAIVER OF THE 14 DAY STAY UNDER FED. R. BANKR. P. 4001(a)(3), WITH BRIEF**

Pushmataha County – City of Antlers Hospital Authority ("Debtor"), hereby files this motion ("Motion") under 11 U.S.C. § 362(d) for the limited purpose of allowing it to prosecute a Motion to Dismiss it filed prior to bankruptcy in a lawsuit brought against it in Pushmataha County. In further support, the Debtor states as follows.

**JURISDICTION AND VENUE**

1. On September 23, 2016, the Debtor filed its voluntary petition for relief pursuant to Chapter 9 of Title 11 of the United States Code ("Bankruptcy Code") in the U.S. Bankruptcy Court for the Eastern District of Oklahoma ("Bankruptcy Court").

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for relief are 11 U.S.C. §§ 105, 362(d), and 903(a).

## BACKGROUND

4. The Debtor is a public trust that operates Pushmataha Hospital, a 25 bed general medical hospital located in Antlers, Oklahoma (the "Hospital").

5. Defendant Pushmataha Hospital is a political subdivision as defined under the Oklahoma Governmental Tort Claims Act ("GTCA"). 51 O.S. § 152 (11).

6. On January 29, 2016 Cecilia Sutterfield ("Sutterfield") filed a medical negligence lawsuit against Roland Flatt Clinic and Gerald Flatt (the "Lawsuit") styled *Sutterfield v. Rowland Flatt Clinic and Gerald Flatt, D.O.*, in the District Court for Pushmataha County, State of Oklahoma, Case No. CJ-2016-8.

7. However, it appears Sutterfield failed to obtain an expert report prior to filing the Lawsuit, as none was attached to the Petition as is required by 12 O.S. § 19.1.

8. The Lawsuit claims that Sutterfield's son, Philip Chambers, passed away due to the negligence of the named defendants of the case.

9. The original Petition filed in the Lawsuit did not name the debtor as a defendant. Rather, the original Petition extoled the Debtor as "heroic:"

> 11. By this time, **heroic measures** by the medical professionals in the ER of the Pushmataha County Hospital, with EagleMed, and the McAlester Regional Medical Center were not enough. Copious amounts of foul-smelling fluid were removed from Phillip's airway. Phillip died within hours that night from pneumonia.

10. Despite praising Debtor "heroic," Sutterfield amended her Petition on August 12, 2016 to include negligence claims against Debtor, as well as EagleMed, LLC.

11. However, the amendment was filed approximately six months after the operative two-year statute of limitations expired.

12. Further, Sutterfield never provided Debtor with a required notice under 51 O.S. § 156(B), a provision of the Oklahoma Governmental Tort Claims Act ("GTCA").

13. Section 156(B) of the GTCA requires that notice of any claim against a political subdivision be given within one (1) year of the loss. According to this provision:

> A claim against the state or a political subdivision **shall be forever barred unless** notice thereof is presented within one (1) year after the loss occurs. (emphasis added)

14. Sutterfield's failure to give the requisite notice is a jurisdictional bar to the claims she has brought against Debtor in the Lawsuit.

15. Consequently Because of the situation, Debtor's state court counsel filed a Special Entry of Appearance and Motion to Dismiss on September 22, 2016, just prior to Debtor's filing of this Bankruptcy Case (the "Motion to Dismiss"); state court counsel also set the Motion to Dismiss for hearing on November 10, 2016 at that time (the "State Court Hearing").

16. A copy of the Motion to Dismiss is attached hereto as **<u>Exhibit A</u>**.

17. Since filing of the Bankruptcy, the Lawsuit, as it pertains to Debtor, has been stayed.

18. Debtor does not believe the Lawsuit has any merit, and in any event is barred by the GTCA.

19. Debtor's inclusion in the Lawsuit requires Debtor's periodic time, attention and resources to stay well-informed of the matter.

20. As the matter is ripe for determination by the State Court, Debtor asks that the automatic stay be lifted for the limited purpose of prosecuting the Motion to Dismiss.

- 3 -

21. If Debtor is successful, it will be extricated from the Lawsuit, and be saved from both further involvement in the matter and future claim dispute issues with the plaintiff.

22. If the Debtor is not successful, then the stay can remain in place, and the parties can take appropriate action at that time.

23. In light the circumstances, cause exists under § 362(d) of the Bankruptcy Code to grant Debtor relief from the stay to prosecute the Motion for Relief to conclusion.

24. Further, sufficient cause exists to waive the 14 day stay under Fed. R. Bankr. P. 4001(a)(3).

## **BRIEF IN SUPPORT**

Pursuant to 11 U.S.C. § 362(d) the automatic stay imposed by 11 U.S.C. § 362(a) regarding the Lawsuit may be modified for "cause" to permit Debtor to prosecute the Motion to Dismiss. Under 11 U.S.C. § 362(g) the proponent of the automatic stay has the burden of proof to show the absence of cause to modify the automatic stay under 11 U.S.C. § 362(d)(1). *See*, 11 U.S.C. § 362(g) (stating that the party requesting relief has the burden of proof only on "the issue of the debtor's equity in the property" and that "the party opposing such relief has the burden of proof on all other issues"); *Ellis v. Parr (In re Ellis)*, 60 B.R. 432, 435 (9th Cir. BAP 1985) (quoting that the proponent of the stay - the debtor here - has the burden of showing that there is no cause to terminate the stay.").

The term "cause" is not defined by the Bankruptcy Code, and whether cause exists to lift the automatic stay must be decided on a case-by-case basis. See, *In re MacDonald*,

755 F.2d 715, 717 (9th Cir. 1985). In determining whether to lift the automatic stay to allow state court Lawsuit to proceed on the limited basis requested, bankruptcy courts have generally employed a balancing test. In particular, courts have considered 1) any prejudice to the debtor or to the estate that could result from modifying the stay; 2) whether the hardship to the moving party from continuation of the stay will outweigh the hardship to the debtor from modifying the stay; and 3) whether the moving party has a probability of prevailing on the merits of the case. See, e.g., *American Airlines v. Continental Airlines, Inc. (In re Continental Airlines, Inc.)*, 152 B.R. 420, 424 (D. Del. 1993); *Egwineke v. Robertson (In re Robertson)*, 244 B.R. 880, 882 (Bankr. N.D. Ga. 2000); *Kazerooni v. Namazi (In re Namazi)*, 106 B.R. 93, 94 (Bankr. E.D. Va. 1989).

In the present case, cause exists to lift the automatic stay to prosecute the Motion for Relief. First, Debtor will not be prejudiced by the relief. Second, Debtor will face hardship if the relief is not granted because it must expend resources monitoring the Lawsuit, and, at some point, the matters addressed in the Motion to Dismiss must be addressed anyway. Third, as Debtor believes stay relief will allow it to be dismissed from the Lawsuit, the requested relief is in the best interests the Debtor and its creditors.

## **PRAYER FOR RELIEF**

In light of the above, Debtor requests that, after notice and opportunity for hearing, this Court enter an Order (i) lifting the automatic stay regarding the Lawsuit for the limited purpose of prosecuting the Motion to Dismiss to conclusion; (ii) waiving the 14 day stay under Fed. R. Bankr. P. 4001(a)(3), so that Debtor can continue with the State

Court Hearing as scheduled, and (iii) awarding Debtor such other and further relief to the Court deems equitable and just.

Respectfully Submitted,

/s/ Jeffrey E. Tate
J. Clay Christensen (OBA # 11789)
Jeffrey E. Tate (OBA #17150)
Jonathan M. Miles (OBA #31152)
Christensen Law Group, P.L.L.C.
The Parkway Building
3401 N.W. 63rd Street, Suite 600
Oklahoma City, Oklahoma 73116
(405) 232-2020
(405) 236-1012 (facsimile)
clay@christensenlawgroup.com
jeffrey@christensenlawgroup.com
jon@christensenlawgroup.com

ATTORNEYS FOR DEBTOR