# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

In re:                                                )
                                                      )
**PUSHMATAHA COUNTY – CITY OF**                       )
**ANTLERS HOSPITAL AUTHORITY,**                       )    Case No. 16-81001
                                                      )    Chapter 9
        Debtor. )

## PATIENT CARE OMBUDSMAN REPORT

Deborah Burian, the duly appointed patient care ombudsman, pursuant to 11 U.S.C. § 333(b)(2) files hereby her twentieth and final periodic report, for the period December 22, 2019 through February 20, 2020.

/s/ Mark B. Toffoli
Mark B. Toffoli  OBA # 9045

THE GOODING LAW FIRM, P.C.
204 North Robinson Ave., Suite 605
Oklahoma City, Oklahoma  73102
TELEPHONE: (405) 948-1978
TELEFACSIMILE: (405) 948-0864
EMAIL: mtoffoli@goodingfirm.com

ATTORNEYS FOR
DEBORAH BURIAN

Patient Care Ombudsman's Twentieth Report in re: Pushmataha County Hospital – City of Antlers Healthcare Authority

Case 16-81001

COMES NOW, Deborah Burian, Patient Care Ombudsman ("Ombudsman") and pursuant to 11 U.S.C. 333 submits her Twentieth and final report.

**Factual Background**

On the 20th day of October 2016, the United States Trustee for the Eastern District of Oklahoma appointed Deborah Burian as Patient Care Ombudsman in the case of Pushmataha County Hospital – City of Antlers Healthcare Authority.

This is the Ombudsman's Twentieth and Final report and includes the reporting period from December 23, 2019 through February 20, 2020. (The debtor's confirmed plan of adjustment defines "effective date" as the first business day following the 30th day after the Confirmation Order becoming a Final Order. The Order confirming the First Amended Plan of Adjustment became final on January 20, 2020; this reporting period is accordingly designed to coincide with said effective date.)

**Basis of Review**

As a condition of participation in Medicare, the primary payor for most hospitals, facilities must be surveyed and ensured to be in compliance with the Medicare Conditions of Participation (42 CFR Part 485 Subpart F) by an approved body. This survey is completed by a state regulatory agency (Oklahoma State Department of Health - OSDH) or a private accrediting agency; most commonly the Joint Commission on Health Care Accreditation (JCAHO). Pushmataha County Hospital, herein referred to as "Pushmataha" is currently licensed and certified by the Oklahoma State Department of Health (OSDH).

Pushmataha also participates in the Medicare program as a "Swing Bed" facility and is certified to provide Skilled Nursing Facility (SNF) care to approved patients.

For all healthcare facilities, care standards are established by regulation; regulations are then translated at the federal and state levels with "interpretive guidelines." These guidelines provide a map for the generally accepted quality of care which must be provided. States may have additional guidance; where that guidance may differ at the state and federal levels, the more stringent regulation applies. Throughout the Ombudsman's monitoring role Ombudsman has assessed whether observed care and services meet those requirements.

**Final Report**

During the period of this review, Ombudsman has been in contact with facility regarding operations. During this monitoring period, no complaints or concerns were received by Ombudsman.

Over the period of the bankruptcy, property has established compliance with meal service guidelines and meeting physician's orders for therapeutic diets. No further concerns related to food service have occurred in this monitoring period. Pantry is very well supplied, and facility is using an appropriate "first-in first-out" inventory system.

Concerns regarding the provision of preventative maintenance of diagnostic and durable medical equipment, as required at CFR 482.41 (c)(2) "Facilities, supplies, and equipment must be maintained to ensure an acceptable level of safety and quality," have been consistently addressed. Facility has achieved implemented a robust quality assurance process with continued success expected in this area.

Throughout the bankruptcy period, Ombudsman has received excellent response and support from the management team. The facility is to be commended for the services they provide and for their responsiveness to any concerns which may have arisen since the initial filing.

Wherefore, Ombudsman, Deborah Burian prays the court accept and approve this 60-day report of Deborah Burian and for such other relief as the Court deems just and appropriate.

Respectfully submitted,

Deborah Burian
3101 N. Classen Blvd, Ste 217
Oklahoma City, OK  73118
(405) 623-0778